IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:20-cv-00666-MR

| | |
|---|---|
| TOMMY HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| KILOLO KIJAKAZI,[1] ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Judgment on the Pleadings [Doc. 13] and the Defendant's Motion for Summary Judgment [Doc. 15].

## I. BACKGROUND

On December 26, 2018, the Plaintiff, Tommy Harris ("Plaintiff"), filed an application for supplemental security income under Title XVI of the Social Security Act (the "Act"), alleging an onset date of January 1, 2009. [Transcript ("T.") at 15]. The Plaintiff's claims were initially denied on July 17, 2019, and again denied upon reconsideration on September 27, 2019. [Id. at 120, 139].

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021, and is therefore substituted in this action as the named defendant. See Fed. R. Civ. P. 25(d).

On the Plaintiff's request, a hearing was held on March 5, 2020, before an Administrative Law Judge ("ALJ"). [Id. at 15]. On April 2, 2020, the ALJ issued a written decision denying the Plaintiff benefits. [Id. at 17].

On October 23, 2020, the Appeals Council denied the Plaintiff's request for review thereby making the ALJ's decision the final decision of the Commissioner. [Id. at 1]. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II.  STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "When reviewing a Social Security Administration disability determination, a reviewing court must 'uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence.'" Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015) (quoting Bird v. Comm'r, 699 F.3d 337, 340 (4th Cir. 2012)). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted). Substantial evidence "consists of more than a mere scintilla of evidence but may be less than a preponderance." Pearson, 810 F.3d at 207 (internal quotation marks omitted).

"In reviewing for substantial evidence, [the Court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ," the Court defers to the ALJ's decision. Id. (internal quotation marks omitted). To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). It is the duty of the ALJ to "build an accurate and logical bridge from the evidence to his conclusion." Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (citation omitted). "Without this explanation, the reviewing court cannot properly evaluate whether the ALJ applied the correct legal standard or whether substantial evidence supports his decisions, and the only recourse is to remand the matter for additional investigation and explanations." Mills v. Berryhill, No. 1:16-cv-00025-MR,

3

2017 WL 957542, at *4 (W.D.N.C. Mar. 10, 2017) (Reidinger, J.) (citing Radford, 734 F.3d at 295).

## III. THE SEQUENTIAL EVALUATION PROCESS

A "disability" entitling a claimant to benefits under the Social Security Act, as relevant here, is "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration Regulations set out a detailed five-step process for reviewing applications for disability. 20 C.F.R. §§ 404.1520, 416.920; Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden is on the claimant to make the requisite showing at the first four steps. Id.

At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity. If so, the claimant's application is denied regardless of the medical condition, age, education, or work experience of the claimant. Id. (citing 20 C.F.R. § 416.920). If not, the case progresses to step two, where the claimant must show a severe impairment. If the claimant

4

does not show any physical or mental deficiencies, or a combination thereof, which significantly limit the claimant's ability to perform work activities, then no severe impairment is established and the claimant is not disabled. Id.

At step three, the ALJ must determine whether one or more of the claimant's impairments meets or equals one of the listed impairments ("Listings") found at 20 C.F.R. 404, Appendix 1 to Subpart P. If so, the claimant is automatically deemed disabled regardless of age, education or work experience. Id. If not, before proceeding to step four, the ALJ must assess the claimant's residual functional capacity ("RFC"). The RFC is an administrative assessment of "the most" a claimant can still do on a "regular and continuing basis" notwithstanding the claimant's medically determinable impairments and the extent to which those impairments affect the claimant's ability to perform work-related functions. Social Security Ruling ("SSR") 96-8p; 20 C.F.R. §§ 404.1546(c), 404.943(c), 416.945.

At step four, the claimant must show that his or her limitations prevent the claimant from performing his or her past work. 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 634. If the claimant can still perform his or her past work, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv); Mascio, 780 F.3d at 635. Otherwise, the case progresses to the fifth step where the burden shifts to the Commissioner. At step five,

5

the Commissioner must establish that, given the claimant's age, education, work experience, and RFC, the claimant can perform alternative work which exists in substantial numbers in the national economy. 20 C.F.R. § 416.920(a)(4)(v); Mascio, 780 F.3d at 635; Hines v. Barnhart, 453 F.3d 559, 567 (4th Cir. 2006). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." Mascio, 780 F.3d at 635. If the Commissioner succeeds in shouldering her burden at step five, the claimant is not disabled and the application for benefits must be denied. Id. Otherwise, the claimant is entitled to benefits.

## IV. THE ALJ'S DECISION

At step one, the ALJ found that the Plaintiff has not engaged in substantial gainful activity since his application date, December 26, 2018. [T. at 18]. At step two, the ALJ found that the Plaintiff has the following severe impairments: "right hip degenerative joint disease (status-post healed fracture deformity); lumbar degenerative disc disease; chronic obstructive pulmonary disease; mood disorder; anxiety disorder and post-traumatic stress disorder." [Id.]. At step three, the ALJ determined that the Plaintiff does not have an impairment or combination of impairments that meets or

6

medically equals the Listings. [Id. at 19]. The ALJ then determined that the Plaintiff, notwithstanding his impairments, had the RFC:

> [T]o perform sedentary work as defined in 20 CFR 416.967(a) except must be able to alternate between sitting and standing at will; could never climb ladders, ropes or scaffolds; could only occasionally climb stairs and ramps; could only occasionally stoop; could never kneel, crouch or crawl; could only occasionally engage in activities requiring balance on uneven surfaces; could have only occasional exposure to airborne irritants such as fumes, odors, dusts, gases and poorly ventilated areas; could have only occasional exposure to hazards, defined as work with machinery having moving mechanical parts, use of commercial vehicles or exposure to unprotected heights; limited to the performance of simple, routine and repetitive tasks; limited to work in a low-stress environment defined as requiring only occasional decision-making and only occasional changes in work setting; and limited to only occasional interaction with the public and with co-workers.

[Id. at 22].

At step four, the ALJ identified that the Plaintiff has no past relevant work. [Id. at 29]. At step five the ALJ concluded that based on the Plaintiff's age, education, work experience, and RFC, the Plaintiff is able to perform other jobs existing in significant numbers in the national economy, including touch-up screener and electronic assembly. [Id. at 29-30]. The ALJ therefore concluded that the Plaintiff was not "disabled" as defined by the Act from

7

December 26, 2018, the date the application was filed, through April 2, 2020, the date of the decision. [Id. at 31].

## V. DISCUSSION[2]

As his sole assignment of error, the Plaintiff argues that the ALJ failed to account for the Plaintiff's moderate difficulties with concentration, persistence, or pace in the RFC. [Doc. 14 at 7]. The Defendant, on the other hand, argues that the ALJ applied the correct legal standards in reaching his decision and that the decision is supported by substantial evidence. [Doc. 16 at 5].

The Fourth Circuit has held that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" Mascio, 780 F.3d at 638 (quoting Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011)). Because "the ability to perform simple tasks differs from the *ability to stay on task*," Mascio, 780 F.3d at 638 (emphasis added), an RFC limited to simple, routine tasks or unskilled work fails to adequately account for moderate limitations in concentration, persistence, and pace.

---

[2] Rather than set forth a separate summary of the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

However, there is no "categorical rule that requires an ALJ to always include moderate limitations in concentration, persistence, or pace as a specific limitation in the RFC." Shinaberry v. Saul, 952 F.3d 113, 121 (4th Cir. 2020). The ALJ may instead explain why a greater restriction to the RFC was not warranted or the limitations set in the RFC adequately account for the plaintiff's difficulties in concentration, persistence, and pace. See id. at 121-22; Mascio, 780 F.3d at 638 ("ALJ can explain why [a plaintiff's] moderate limitation in concentration, persistence, or pace at step three does not translate into a [RFC] limitation.").

In this case, the ALJ found at step two that the Plaintiff's conditions cause him to have a moderate limitation in concentrating, persisting, or maintaining pace. [T. at 20]. In formulating the Plaintiff's RFC, however, the ALJ did not include any functional limitation accounting for Plaintiff's moderate limitations in this category of mental functioning.

The ALJ determined that the Plaintiff's RFC limited him to "simple, routine, and repetitive tasks" and "work in a low-stress environment defined as requiring only occasional decision-making and only occasional changes in work setting." [Id. at 22]. As the Fourth Circuit held in Mascio, this limitation alone does not account for limitations in the Plaintiff's ability to concentrate, persist, or maintain pace. While the ALJ's step two findings did not require

9

to include an RFC limitation in this category of mental functioning, he was required to explain why no limitation was warranted despite his step two findings. Here, the ALJ failed to provide this explanation.

Regarding the Plaintiff's moderate limitations in concentrating, persisting, or maintaining pace, the ALJ stated:

> [W]hile the claimant has some impairment in concentrating, persisting, or maintaining pace due to his emotional symptoms, he appears capable of performing simple, routine and repetitive tasks without an additional productivity restriction. In fact, he has admitted the ability to perform some basic activities of daily living, albeit with some physical limitations.

[T. at 28]. The ALJ, however, failed to include any analysis as to how the Plaintiff's ability to perform basic activities of daily living supports the conclusion that he can perform simple, routine, and repetitive tasks without an additional productivity restriction.

Further, the ALJ does not cite any medical expert opinion supporting his mental RFC determination. In fact, the medical expert opinions cited by the ALJ in formulating the RFC support a contrary RFC determination, and the ALJ fails to resolve this conflict. [Id. at 28]. In evaluating the medical expert opinions, the ALJ stated that:

> The prior administrative findings of State agency consultants, Dr. Strobel Nuss and Dr. Skoll, are somewhat persuasive, as the evidence is consistent

> with restriction to simple tasks with additional interaction and adapting limitations (Exs. 2A and 4A). However, the evidence is not consistent with a specific productive limitation as suggested by both consultants (non-production role and low production setting).

[Id.]. The ALJ did not identify *what* evidence was inconsistent with a productive limitation, nor did he provide any other basis to discount the recommendation of the otherwise-persuasive medical expert opinions.

As a result of the ALJ's failure explain how his RFC determination accounts for the Plaintiff's moderate limitations in concentrating, persisting, or maintaining pace, the decision is "sorely lacking in the analysis" necessary for meaningful review. Mascio, 789 F.3d at 636-37. A reviewing court cannot be "left to guess about how the ALJ arrived at his conclusions on [a plaintiff's] ability to perform relevant functions and indeed, remain uncertain as to what the ALJ intended." Mascio, 780 F.3d at 637. It is the duty of the ALJ to "build an accurate and logical bridge from the evidence to his conclusion." Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (citation omitted). A remand is necessary under these circumstances so the ALJ can connect the dots between the Plaintiff's moderate impairment in concentration, persistence, or pace and the RFC.

11

## VI. CONCLUSION

Because this Court lacks an adequate record of the basis for the ALJ's decision, it cannot conduct a meaningful review of that ruling. See Radford, 734 F.3d at 295. In assessing the Plaintiff's limitations on remand, the ALJ should explain how the RFC accounts for the Plaintiff's moderate limitations in concentration, persistence, and pace. Mascio, 780 F.3d at 638; Shinaberry, 952 F.3d at 121-22.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Judgment on the Pleadings [Doc. 13] is **GRANTED**, and that the Defendant's Motion for Summary Judgment [Doc. 15] is **DENIED**. Pursuant to the power of this Court to enter judgment affirming, modifying or reversing the decision of the Commissioner under Sentence Four of 42 U.S.C § 405(g), the decision of the Commissioner is **REVERSED** and the case is hereby **REMANDED** for further proceedings consistent with this decision.

**IT IS SO ORDERED.**

Signed: September 22, 2022

Martin Reidinger
Chief United States District Judge